UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SALDIVAR GAMBOA and IRMA M. SALDIVAR,<br><br>    Plaintiffs,<br><br>  v.<br><br>TRUSTEE CORPS and CENTRAL MORTGAGE LOAN SERVICING COMPANY, and Does 1-50, inclusive,<br><br>    Defendants. | Case No. 09-0007 SC<br><br>ORDER GRANTING MOTION <u>TO DISMISS</u> |

## I. **INTRODUCTION**

This matter comes before the Court on the Motion to Dismiss filed by Defendant MTC Financial Inc., dba Trustee Corps, a California Corporation ("Trustee Corps"). Docket No. 4. Plaintiffs did not file an Opposition, and Trustee Corps filed a Notice of Non-Receipt of Opposition. Docket No. 8. For the following reasons, the Court GRANTS Trustee Corps' Motion to Dismiss.

## II. **BACKGROUND**

On December 3, 2008, Jose Saldivar Gamboa and Irma M. Saldivar ("Plaintiffs") commenced this action against Trustee Corps, Central Mortgage Company ("Central"), and Does 1-50 in the

1  Superior Court of California, County of Alameda.  <u>See</u> Notice of
2  Removal, Docket No. 1, Ex. A ("Compl.").  Plaintiffs were the
3  owners of real property located at 37172 Towers Way, Fremont,
4  California 94536.  <u>Id.</u> ¶ 6.  They allege that Central and Does 1
5  through 50 are proceeding toward a trustee's sale of the real
6  property.  <u>Id.</u> ¶ 5.  They allege that Central is not the holder of
7  the note secured by a deed of trust on the property, is not in
8  possession of the note, and is not entitled to initiate
9  foreclosure of the property.  <u>Id.</u> ¶ 7.  They allege that Central
10 does not have the right to direct Trustee Corps to foreclose and
11 sell the property.  <u>Id.</u> ¶ 8.
12     Plaintiffs demanded that Defendants provide "proof of . . .
13 their right to proceed [with the] foreclosure in writing," as well
14 as "a detailed accounting of how the stated amount necessary to be
15 paid [to] redeem the property from foreclosure has been calculated
16 so that Plaintiffs could adequately evaluate [their] rights under
17 the law [to exercise their] presale right of redemption."  <u>Id.</u> ¶¶
18 10-11.  The Complaint alleges that Defendants' response has been
19 inadequate.  <u>Id.</u> ¶ 11.  Plaintiffs allege that if Defendants are
20 not enjoined, Plaintiffs will be irreparably harmed.  <u>Id.</u> ¶ 12.
21 Plaintiffs allege that Defendants have "utilized the United States
22 mail in furtherance of their conspiracy to both unlawfully collect
23 on negotiable instruments when they are not entitled under the law
24 to do so . . . [or] to profit from those actions in amounts
25 greater than their rights under the note to do so."  <u>Id.</u> ¶ 13.
26 Plaintiffs allege that Defendants "are engaging in a pattern of
27 unlawful activity."  <u>Id.</u> ¶ 14.  They allege that Defendants
28

**United States District Court**
For the Northern District of California

1  misrepresented that they had the right to enforce the note and
2  foreclose on Plaintiffs' property.  Id. ¶ 18.
3      Plaintiffs' Complaint pleads claims under the Rosenthal Fair
4  Debt Collection Practices Act ("RFDCPA"), California Civil Code §
5  1788 et seq.; the Fair Debt Collections Act ("FDCA"), 15 U.S.C. §
6  1692 et seq.; the Real Estate Settlement Procedures Act ("RESPA"),
7  12 U.S.C. § 2601 et seq.; the Home Ownership and Equity Protection
8  Act ("HOEPA"), 15 U.S.C. § 1637; the Truth in Lending Act
9  ("TILA"), 15 U.S.C. § 1601; the Federal Trade Commission Act ("FTC
10 Act"), 15 U.S.C. § 41 et seq.; and the Racketeer Influenced and
11 Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. Id.
12 ¶¶ 19-33.  Plaintiffs pray for relief in the form of an injunction
13 and damages.  Id. at 7.

### III. LEGAL STANDARD

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint.  Dismissal pursuant to Rule 12(b)(6) is appropriate if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  For purposes of such a motion, the complaint is construed in the light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994).  All reasonable inferences are to be drawn in favor of the plaintiff. Id.  Unreasonable inferences or conclusory legal allegations cast

3

1  in the form of factual allegations, however, are insufficient to
2  defeat a motion to dismiss.  <u>W. Mining Council v. Watt</u>, 643 F.2d
3  618, 624 (9th Cir. 1981).

**IV. <u>DISCUSSION</u>**

Trustee Corps moves to dismiss all of Plaintiffs' claims without leave to amend.  Def.'s Mem. of P&A in Supp. of Mot. ("Def.'s Mem."), Docket No. 5-1, at 3.  Trustee Corps also filed a Request for Judicial Notice ("RJN").  Docket No. 5-2.

**A. <u>Request for Judicial Notice</u>**

Trustee Corps asks the Court to take judicial notice of twenty-seven documents, including official records and court rulings.

**1. The Documents**

The first document is a grant deed in favor of Plaintiffs, dated June 7, 2007, and recorded by Alameda County on June 13, 2007.  <u>Id.</u> Ex. A ("Grant Deed").  The second document is a deed of trust in favor of Mortgage Electronic Registration Systems, Inc. as beneficiary securing a promissory note signed by Plaintiffs. <u>Id.</u> Ex. B ("Deed of Trust").  Alameda County recorded the Deed of Trust on June 13, 2007.  <u>Id.</u>  The third document is an adjustable rate note dated June 7, 2007, with Plaintiffs as borrowers in the amount of $578,000, and American Brokers Conduit as the lender. <u>Id.</u> Ex. C ("Note").  The fourth document is a notice of default and election to sell under deed of trust sent by Trustee Corps to the Plaintiffs, and recorded on August 8, 2008.  <u>Id.</u> Ex. D ("Notice of Default").  The fifth document is an assignment of

United States District Court
For the Northern District of California

4

deed of trust making Central the new beneficiary under the Deed of Trust. Id. Ex. E. ("First Assignment"). Alameda County recorded this assignment on October 30, 2008. Id. The sixth document is a substitution of trustee making Trustee Corps the new trustee under the Deed of Trust, and recorded on September 19, 2008. Id. Ex. F ("Substitution"). The seventh document is an assignment of deed of trust making Sutton Funding LLC ("Sutton") the new beneficiary under the Deed of Trust. Id. Ex. G ("Second Assignment"). The eight document is the notice of trustee sale indicating that the property would be sold on December 2, 2008, recorded by Alameda County on November 12, 2008. Id. Ex. H ("Notice of Trustee Sale"). The ninth document is the trustee's deed upon sale showing that the property was sold to Sutton at a public auction on December 2, 2008. Id. Ex. I ("Trustee's Deed"). Alameda County recorded the Trustee's Deed on December 9, 2008. Id.

The rest of the documents are court documents, including a docket sheet from the Eastern District of California, Plaintiffs' Complaint filed in the Superior Court of California, County of Alameda,[1] and sixteen orders from cases filed by Plaintiffs' counsel in the Central District of California or the Eastern District of California. See id. Exs. J-AA. In all of these cases, the court either granted motions to dismiss or required the plaintiffs to file RICO case statements. See id. Exs. L-AA.

---

[1] Defendant apparently intended to include the complaint from Vargas v. Reconstrust Co., Case No. 08-1683 (E.D. Cal.), in order to show the similarity between the complaint there and here, but instead mistakenly reproduced Plaintiffs' Complaint from this case. See RJN at 2-3; Ex. K.

5

### 2. Judicial Notice and Incorporation by Reference

"When ruling on a 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b)). "A court may, however, consider certain material - documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice - without converting the motion to dismiss into a motion for summary judgment." Id. at 908. Thus, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." Id. "The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." Id. This "incorporation by reference doctrine" has been extended "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

In the present case, the incorporation by reference doctrine permits the Court to consider the documents submitted by Defendant

6

in the RJN. Exhibits A to I consist of documents related to the foreclosure sale of Plaintiffs' property. Plaintiffs' Complaint refers to the Note, the Deed of Trust, the Notice of Default, and the Notice of Trustee's Sale. See Compl. ¶¶ 3, 5, 7, 8. Exhibits A, E, F, G, and I show that Plaintiffs were the owners of the property, that Plaintiffs' loan was assigned to Central, that Trustee Corps was substituted as the trustee, that Central assigned the loan to Sutton, and that a foreclosure sale occurred on December 2, 2008. See Grant Deed; First Assignment; Substitution; Second Assignment; Trustee's Deed. These documents are central to Plaintiffs' allegations that Defendants were not entitled to initiate a foreclosure sale of their property. These documents are also part of the public record and are easily verifiable. See Fed. R. Evid. 201(b); Castillo-Villagra v. INS, 972 F.2d 1017, 1026 (9th Cir. 1992) (holding that notice may be taken of facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned). Exhibits J to AA are court documents, and as such are also part of the public record and easily verifiable. The Court therefore takes judicial notice of Exhibits A through AA.

### B. Non-Judicial Foreclosure Under California Law

Under California law, a "trustee, mortgagee or beneficiary or any of their authorized agents" may initiate a foreclosure process. See Cal. Civ. Code § 2924(a)(1). Plaintiffs allege that Central does not have to right to initiate foreclosure, nor the right to direct Trustee Corps to foreclose and sell the property, because Central was not the holder of, or in possession of, a

7

properly endorsed note.  Compl. ¶¶ 7-8.  These allegations are directly contradicted by Exhibits E and F which show that the loan was assigned to Central and that Trustee Corps was a substituted trustee under Plaintiffs' Deed of Trust.  See First Assignment; Substitution.  Furthermore, the statutory framework governing non-judicial foreclosures contains no requirement that the lender produce the original note to initiate the foreclosure process. See Cal. Civ. Code §§ 2924(a)-(e).  Plaintiffs' allegations regarding Central's possession of a note therefore do not allege violations of the statutes governing non-judicial foreclosures.

### C. Unfair Debt Collection Practices

Plaintiffs' first cause of action alleges that Defendants acted as a debt collector and violated provisions of the RFDCPA, the FDCA, and the RESPA.  Compl. ¶¶ 20-21.  Plaintiffs do not identify which provisions of these statutes have been violated. Plaintiffs fail to provide even a formulaic recitation of a violation of these statutes, which itself would not be sufficient under Twombly.  See 127 S. Ct. at 1964-65.  Trustee Corps should not be required to guess as to the manner in which its conduct allegedly violated these statutes.  See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983) (in deciding a motion to dismiss, the court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged.").

Both the RFDCPA and the FDCA were enacted to protect consumers from abusive practices by debt collectors.  See Cal.

8

1  Civ. Code § 1788.10(e); 15 U.S.C. § 1692(e).  However, the law is
2  clear that foreclosing on a property pursuant to a deed of trust
3  is not a debt collection within the meaning of the RFDCPA or the
4  FDCA.  See Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193,
5  1198-99 (C.D. Cal. 2008); Ines v. Countrywide Home Loans, Inc.,
6  No. 08-1267, 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008).
7  Therefore, as the trustee under the Deed of Trust with the power
8  to sell the foreclosed property, Trustee Corps cannot have
9  violated the RFDCPA and the FDCA.

10  With regard to Plaintiffs' RESPA claim, the statute was
11  enacted in order to bring about: (1) "more effective advance
12  disclosure to home buyers and sellers of settlement costs";
13  (2) "the elimination of kickbacks or referral fees that tend to
14  increase unnecessarily the costs of certain settlement services";
15  (3) "a reduction in the amounts home buyers are required to place
16  in escrow accounts established to insure the payment of real
17  estate taxes and insurance"; and (4) "significant reform and
18  modernization of local recordkeeping of land title information."
19  12 U.S.C. § 2601(b).  Plaintiffs do not allege that Trustee Corps
20  had anything to do with the settlement of Plaintiffs' mortgage.
21  Plaintiffs fail to articulate facts that would state a RESPA claim
22  against Trustee Corps that is plausible on its face.  See Twombly,
23  127 S. Ct. at 1974.

### D. **Predatory Lending Practices**

25  Plaintiffs' second cause of action asserts claims under TILA,
26  HOEPA and the FTC Act.  Compl. ¶¶ 22-25.  Although the Complaint
27  states the cause of action applies to all named defendants,

9

1  Plaintiffs' allegations of wrongdoing under this claim are
2  directed at the initial lender and Central, not Trustee Corps.
3  See id. ¶¶ 23-24.  Plaintiffs allege Central "is subject to the
4  defenses that would have been available against American Broker
5  Company, the initial Lender."  Id. ¶ 23.  Plaintiffs allege that
6  the initial lender "engaged in predatory lending practices with
7  respect to Plaintiffs . . . the specifics of which are unknown."
8  Compl. ¶ 24.

9  The initial lender is not named as a defendant in this case,
10 and Plaintiffs do not specify which defenses, if any, apply to
11 Central.  The Complaint alleges that Trustee Corps is a trustee,
12 not a lender.  See Compl. ¶ 2.  Speculative and unspecified
13 allegations that the initial lender or Central engaged in
14 predatory lending practices cannot survive a 12(b)(6) motion, and
15 clearly do not apply to the trustee.  See, e.g., Izenberg, 589 F.
16 Supp. 2d at 1200-01; Vargas v. Reconstrust Co., No. 08-1683, 2008
17 WL 5101557, at *4 (E.D. Cal. Dec. 2, 2008).  Plaintiffs fail to
18 allege facts stating a claim against Trustee Corps based on
19 predatory lending practices.

   **E.   RICO Violations**

21 Plaintiffs allege that Defendants have violated RICO,
22 including violations of 18 U.S.C. § 1961(a)(1), and 18 U.S.C. §§
23 1962(b) and (d).  Compl. ¶¶ 28-31.  The cited subsection
24 1961(a)(1) does not exist. Section 1962(b) provides that "[i]t
25 shall be unlawful for any person through a pattern of racketeering
26 activity or through collection of an unlawful debt to acquire or
27 maintain, directly or indirectly, any interest in or control of

any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(b). Section 1962(d) makes it unlawful to conspire to violate subsections (a),(b) or (c). 18 U.S.C. § 1962(d).

Plaintiffs have not properly pled the enterprise element of their RICO claims. An enterprise "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." United States v. Turkette, 452 U.S. 576, 583 (1981). Here, Plaintiffs have not adequately pled the existence of an ongoing organization that functions as a continuing unit. Plaintiffs name only two defendants, Trustee Corps and Central, and Plaintiffs allege that Trustee Corps is attempting to foreclose on their property at the direction of Central. See Compl. ¶¶ 2, 8. Plaintiffs' Complaint is therefore focused on one foreclosure sale. Plaintiffs do not describe any other attempted foreclosure or loan collection activities, nor do they describe a continuing relationship between Trustee Corps and Central.

Instead, Plaintiffs make the conclusory allegation that Defendants are engaged in "a pattern and practice of utilizing the non-judicial foreclosure procedures of this State to foreclose on properties when they do not, in fact, have the right to do so." Id. ¶ 9. Plaintiffs also allege that Defendants have utilized the United States mail in furtherance of their "conspiracy" to engage in unlawful loan collection practices, and that Defendants are engaging in a pattern of unlawful activity. Id. ¶¶ 13-14. However, conclusory legal allegations cast in the form of factual

11

allegations are insufficient to defeat a motion to dismiss. See W. Mining Council, 643 F.2d at 624.

To the extent that Plaintiffs' RICO claims are based on allegations of fraud, those claims must be pled with particularity under Federal Rule of Civil Procedure 9(b). See Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991). Rule 9(b) requires that plaintiffs allege the time, place, and manner of each act of fraud, the nature of the fraudulent scheme, and the role of each defendant in the scheme. Id. Here, Plaintiffs have failed to allege these facts, and the Court finds that Plaintiffs are unable to articulate enough facts to state a RICO claim against Trustee Corps that is plausible on its face. See Twombly, 127 S. Ct. at 1974.

**F.   Request for Injunctive Relief**

Plaintiffs seek a preliminary injunction halting the foreclosure sale of their property. Compl. ¶ 12. This sale, however, occurred on December 2, 2008. See Trustee's Deed Upon Sale. Plaintiffs filed their Complaint one day later, on December 3, 2008. See Compl. at 7. Therefore, the Court is powerless to enjoin the foreclosure sale.

**V.   CONCLUSION**

For the reasons stated above, the Court GRANTS Trustee Corps' motion to dismiss all of Plaintiffs' claims against Trustee Corps. The claims against Trustee Corps are DISMISSED WITHOUT PREJUDICE. Central did not file a motion to dismiss, but based on the defects outlined above, the Court DISMISSES the claims against Central

12

WITHOUT PREJUDICE.  Plaintiffs have thirty (30) days from the date of this Order to amend the Complaint to allege facts that would support a claim or claims against Trustee Corps and Central.

IT IS SO ORDERED.

Dated: March 12, 2009



UNITED STATES DISTRICT JUDGE

13